UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                       :
ADOLFO GARCIA-DEVARGAS and    :
ILDEFONSO LOPEZ,              :
                       :
           Plaintiffs,     :
                       :
      -v-               :
                       :
JOSEPH MAINO, individually, and   :
d/b/a Handbags 100 King Street, and :
119 FASHION WHOLESALERS LTD.,  :
                       :
        Defendants.    :
-------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: _1/13/17_

**REPORT AND**
**RECOMMENDATION**

15-CV-2285 (GBD) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable George B. Daniels, United States District Judge:**

      Plaintiffs Adolfo Garcia-Devargas and Ildefonso Lopez (together "Plaintiffs")
bring this action under the Fair Labor Standards Act ("FLSA") and New York Labor
Law ("NYLL") against Joseph Maino and 119 Fashion Wholesalers Ltd. (together
"Defendants"). Plaintiffs have moved for summary judgment awarding them
overtime pay, liquidated damages, as well as reasonable attorneys' fees and costs.
In opposition, Defendants argue that there are material facts in dispute regarding
Plaintiffs' overtime and liquidated damages claims. For the reasons set forth below,
I recommend that Plaintiffs' motion be granted in part and denied in part.

## I.   BACKGROUND

### A.   Facts

The following facts are undisputed unless otherwise noted. Maino was the sole shareholder, officer, and director of 119 Fashion Wholesalers Ltd., a corporation whose principal place of business is located on Mulberry Street in Manhattan. Defendants' Rule 56.1 Counterstatement ("Def. R. 56.1"), Dkt. No. 61, ¶¶ 1–2. Maino and his corporation owned and operated several handbag and accessory stores on Mulberry Street. *Id.* ¶ 2. Lopez began working for Maino in 1993, and Garcia-Devargas began working for Maino in 2003. *Id.* ¶ 3; Plaintiffs' Response to Defendants' Rule 56.1 Statement ("Pl. R. 56.1"), Dkt. No. 63, ¶¶ 3, 5. However, Plaintiffs have limited their claims to the time period from March 26, 2009 to "early 2015." Amended Complaint ("Am. Comp."), Dkt. No. 4, ¶¶ 15–16.[1] There were no written agreements between the parties about how Plaintiffs would be paid; Maino paid them in cash, though at times he paid Garcia-Devargas by check. Def. R. 56.1, ¶¶ 9–12. Maino paid Lopez and Garcia-Devargas an hourly wage and a commission. *Id.* ¶ 4. The hourly wages of both Lopez and Garcia-Devargas increased over time. *Id.* ¶ 5. Lopez was paid $7.00 per hour from 2009 to

---

[1] Plaintiffs have not been precise about the time period for which they seek damages. *Compare* Am. Comp., ¶¶ 15–16 (limiting Plaintiffs' claims from March 26, 2009 to "early 2015"), *with* Plaintiffs' Statement of Undisputed Facts, Dkt. No. 54, ¶ 3 ("Plaintiffs . . . worked for the defendants from before 2009 until 2014."), *id.* ¶ 58 ("The average annual underpayment multiplied by six years amounts to a total underpayment . . . for the time period at issue."), *and* Plaintiffs' Memorandum of Law in Support of Summary Judgment ("Pl. Mem."), Dkt. No. 53, at 7 (describing "the six years at issue here," but not the start and end date).

2012, $8.00 per hour from 2012 to 2014, and $9.00 an hour in 2015. *Id.*; Pl. R. 56.1, ¶ 8. Garcia-Devargas was paid $9.50 per hour in 2009, and at some point between 2009 and 2014 his hourly pay rose to $10.00. Def. R. 56.1, ¶ 5; Pl. R. 56.1, ¶ 9.

Plaintiffs made all their sales from inside the stores. Def. R. 56.1, ¶¶ 7–8. Plaintiffs were paid a commission based on a percentage of total store sales. *Id.* ¶ 6; Pl. R. 56.1, ¶¶ 11–12. The parties dispute the precise rate of commission that Plaintiffs earned: Defendants contend that both of them earned 0.5% of the daily sales from 2009 to 2012, and then the commission rose to 1% from 2013 to 2015, while Plaintiffs counter that Garcia-Devargas always earned 1%, and it was Lopez's commission that started at 0.5% and rose to 1%. Def. R. 56.1, ¶ 6; Pl. R. 56.1, ¶ 11. Maino contends that he "always made sure" that commission payments to Plaintiffs were "more than Plaintiffs would have received for half their hourly wage for the extra hours worked for overtime," meaning that Plaintiffs earned the *equivalent* of overtime pay through their commission. Defendants' Rule 56.1 Statement of Additional Facts, Dkt. No. 61, ¶¶ 14, 23.

It was not until July 2014 that Maino designed a form to record his employees' hours and compensation on a weekly basis. Def. R. 56.1, ¶¶ 13–14. Most forms were signed by Maino and the employee. *Id.* ¶ 14. However, Defendants have only produced 11 weeks of forms for Garcia-Devargas, and 17 weeks of forms for Lopez during this period. *Id.* ¶¶ 15, 19, 59. The parties disagree as to whether the hours listed on the forms that Defendants have produced accurately represent hours worked during the relevant time period. Plaintiffs

contend that the hours are consistent, but Defendants argue that the business had a slow season when Plaintiffs worked between 20 and 30 hours a week, and would take time off for vacation or due to illness, which is not reflected in the forms. *Id.* ¶ 16; Pl. R. 56.1, ¶¶ 15–18.  Defendants did not otherwise record the hours Plaintiffs worked, the compensation paid to Plaintiffs, or store sales.  Def. R. 56.1, ¶¶ 17–18.

### B.   Procedural History

On March 26, 2015, Garcia-Devargas filed his Complaint against Maino, 119 Fashion Wholesalers Ltd., Deborah Maino, and Marisa Maino.  Complaint, Dkt. No. 1.[2]  On April 16, 2015, Garcia-Devargas filed an Amended Complaint, which included Lopez as a plaintiff.  Am. Comp.  In their Amended Complaint, Plaintiffs claimed defendants violated the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206, 215.  *Id.* ¶¶ 1, 36–43.  Plaintiffs also claimed that defendants violated the minimum wage and overtime provisions of NYLL, in addition to NYLL's spread-of-hours provisions, specifically NYLL § 650 and 12 N.Y. Codes, Rules and Regulations §§ 142-2.2, 2.4.  *Id.* ¶¶ 1, 44–54.  Plaintiffs sought unpaid minimum wage and overtime compensation, in addition to liquidated damages, or, alternatively, prejudgment interest on unpaid minimum wage and overtime compensation.  *Id.* ¶ 43. On May 15, 2015, Defendants Maino and 119 Fashion Wholesalers Ltd. answered the Amended Complaint.  Answer, Dkt. No. 11. That same day, Deborah and Marisa Maino moved to dismiss the Amended

---

[2] Deborah and Marisa Maino are Joseph Maino's wife and daughter, respectively. Am. Comp., ¶¶ 11–12.

Complaint as against them. Motion to Dismiss, Dkt. No. 12. The motion was later deemed moot when the parties stipulated to their dismissal from the action. Order, dated June 2, 2015, Dkt. No. 18.

Following the close of discovery, Plaintiffs moved for summary judgment. Plaintiffs' Motion for Summary Judgment ("Pl. Mot."), Dkt. No. 51. In their motion, Plaintiffs argued that Defendants had failed to pay them overtime and that they were entitled to overtime pay and liquidated damages in the amount of $100,084.92 for Garcia-Devargas and $64,257 for Lopez. Plaintiffs' Memorandum of Law in Support of Summary Judgment ("Pl. Mem."), Dkt. No. 53, at 5–7. Defendants opposed Plaintiffs' motion, contending that there were disputes of fact regarding Plaintiffs' hourly rates and yearly schedule that precluded summary judgment, while also noting that Plaintiffs' commissions "exceeded any potential overtime payments." Defendants' Memorandum of Law Opposing Summary Judgment ("Def. Mem."), Dkt. No. 60, at 5. They further argued that Plaintiffs had failed to demonstrate that Defendants' alleged violations of the FLSA were "willful" and not in "good faith," and therefore were not entitled to liquidated damages. *Id.* at 8–9.

Plaintiffs replied that Defendants were not properly calculating the overtime rates of pay as a matter of law, because commissions count as regular pay, not as a replacement for overtime. Plaintiffs' Reply Memorandum of Law ("Pl. Reply"), Dkt. No. 62, at 2–3. Plaintiffs further argued that the limited records available provided a reasonable estimate for total damages. *Id.* at 4–7. Finally, Plaintiffs articulated (for the first time) the basis for Defendants' liability for liquidated damages under

the FLSA and NYLL. *Id.* at 7–10.³ The motion was referred to the undersigned for a report and recommendation on September 22, 2016. Dkt. No. 64.

## II.   DISCUSSION

### A.   Applicable Legal Standards

A party may seek summary judgment under Federal Rule of Civil Procedure 56, which "allows a party to seek a judgment before trial on the grounds that all facts relevant to a claim(s) or defense(s) are undisputed and that those facts entitle the party to the judgment sought." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

"The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); *see Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (court is confined to "issue-finding," not "issue-resolution"). "'A fact is material if it might affect the outcome of the suit

---

³ In their motion for summary judgment, Plaintiffs did not address their claims regarding Defendants' alleged minimum wage violations under the FLSA and NYLL, or the NYLL spread-of-hours violations that they had raised in their Amended Complaint. Although Plaintiffs moved for summary judgment on "all claims in the complaint," Pl. Mot., I will only address the claims that Defendants failed to pay overtime wages and for liquidated damages.

under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Ramos v. Baldor Specialty Foods, Inc.,* 687 F.3d 554, 558 (2d Cir. 2012) (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,* 673 F.3d 84, 94 (2d Cir. 2012)). When evaluating whether there are genuine disputes of material fact, a court must '"resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Hedlund v. N.Y.C. Transit Auth.,* 507 F. App'x 35, 36 (2d Cir. 2013) (quoting *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)). "It is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'" *McClellan v. Smith,* 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage,* 128 F.3d 50, 55 (2d Cir. 1997)).

The moving party bears the initial burden of establishing that there are no genuine disputes of material fact for trial. *See* Fed. R. Civ. P. 56(a), (c); *Koch v. Town of Brattleboro,* 287 F.3d 162, 165 (2d Cir. 2002). "Once a party moving for summary judgment has made the requisite showing that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is, indeed, a genuine issue for trial." *Santos v. Murdock,* 243 F.3d 681, 683 (2d Cir. 2001). "'[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party,' summary judgment must be denied." *Am. Home Assur. Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d

Cir. 2006) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)).  However, "[t]he nonmoving party may not rely simply on conclusory statements." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002) (internal quotation marks omitted); *see also Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) ("Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact.").

### B.    Liability for Failure to Pay Overtime Rates

For Plaintiffs to prevail on summary judgment, they must establish both that the parties are covered by the FLSA and NYLL, and that Defendants failed to properly pay them overtime wages.  While Plaintiffs have demonstrated that there are no genuine disputes of material fact regarding Defendants' failure to pay overtime, they have failed to demonstrate their eligibility for coverage under the FLSA or NYLL.  Further, an independent review of the record shows that there are material disputes of fact as to whether either of the parties are covered by the FLSA and NYLL.

Whether the parties are covered by the FLSA or NYLL is "an element that a plaintiff must establish in order to prove liability." *Monterossa v. Martinez Rest. Corp.*, No. 11-CV-3689 (JMF), 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012) (quoting *Benitez v. F & V Car Wash, Inc.*, 11-CV-1857 (DLI) (SMG), 2012 WL 1414879, at *1 (E.D.N.Y. Apr. 24, 2012)); *see also Li v. Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014) ("Employee coverage is an element of the plaintiff's FLSA claim.").  Therefore, I recommend that Plaintiffs' motion for summary judgment be

denied as to the parties' coverage by the FLSA and NYLL, but granted as to
Defendants' failure to pay overtime wages.

### 1. Plaintiffs failed to meet their burden of demonstrating FLSA and NYLL coverage.

"In order to establish a violation of the FLSA, a plaintiff must first show that
[he] is a 'covered employee,' who was 'employed in an enterprise engaged in
interstate commerce or in the production of goods for interstate commerce.'" *Allison
v. Clos-ette Too, L.L.C.*, No. 14-CV-1618 (LAK) (JCF), 2015 WL 9591500, at *7
(S.D.N.Y. Apr. 20, 2015), *adopted by*, 2015 WL 5333930 (S.D.N.Y. Sept. 14, 2015)
(quoting *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120 (E.D.N.Y.
2011)) (internal alterations omitted); *see also Tony & Susan Alamo Found. v. Sec'y
of Labor*, 471 U.S. 290, 295 (1985). An "enterprise engaged in commerce" is defined
in the FLSA as a business that 1) "has employees engaged in commerce or in the
production of goods for commerce, or that has employees handling, selling, or
otherwise working on goods or materials that have been moved in or produced for
commerce by any person," and 2) "whose annual gross volume of sales made or
business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i), (ii); *see also
Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96–97 (2d Cir. 2009). "Engagement in
interstate commerce, either by an employee or by the employer as a whole, is a
prerequisite for liability for the FLSA's overtime requirement." *Ethelberth v. Choice
Sec. Co.*, 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015).[4]

---

[4] "A plaintiff may satisfy this requirement by showing 'individual coverage' through
his personal engagement in interstate commerce or 'enterprise coverage' through

Likewise, "[t]o recover under the NYLL, Plaintiff must prove that he was an 'employee' and that Defendants were 'employers' as defined by the statute. Unlike the FLSA, NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Li v. Leung*, No. 15-CV-5262 (CBA) (VMS), 2016 WL 5369489, at *8 (E.D.N.Y. June 10, 2016), *adopted as modified by*, 2016 WL 5349770 (E.D.N.Y. Sept. 23, 2016) (internal citation and quotation marks omitted); *see also Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760 (CBA) (CLP), 2013 WL 6021668, at *7 (E.D.N.Y. Nov. 13, 2013). Thus, a plaintiff's burden to establish that he is covered by the FLSA is similar to his burden to establish NYLL coverage, except that the requirement that he be employed by an "enterprise engaged in commerce" only applies to the FLSA. *See Leung*, 2016 WL 5369489, at *8.

In their motion papers, Plaintiffs did not argue or cite to any evidence that either they (as "employees") or Defendants (as "employers") are covered by the FLSA or NYLL. Though Defendants also failed to address the issue, such coverage is "an element that a plaintiff must establish in order to prove liability." *Monterossa*, 2012 WL 3890212, at *3. As the moving party, Plaintiffs were responsible for demonstrating their coverage under both the federal and state laws, and only then would the burden shift to Defendants to rebut that coverage. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Golden v. Merrill Lynch & Co.*,

---

the employer's engagement in interstate commerce." *Ethelberth*, 91 F. Supp. 3d at 353. In their Amended Complaint, Plaintiffs only allege coverage under the FLSA based on enterprise coverage, not individual coverage. Am. Comp., ¶¶ 37–40.

No. 06-CV-2970 (RWS), 2007 WL 4299443, at *9 (S.D.N.Y. Dec. 6, 2007) ("The moving party has the initial burden of showing that there are no material facts in dispute, and can discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case.") (citation omitted).  The lack of opposition does not establish that Plaintiffs are entitled to judgment as a matter of law:

> Because summary judgment is a drastic device that cuts off a party's right to present his case to a jury the moving party bears a heavy burden of demonstrating the absence of any material issues of fact.  Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.  Additionally, an unopposed summary judgment motion may fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.

*Franco v. Jubilee First Ave. Corp.*, No. 14-CV-07729 (SN), 2016 WL 4487788, at *4 (S.D.N.Y. Aug. 25, 2016) (citing *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999); *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242, 244 (2d Cir. 2004)) (internal citations, alterations, and quotation marks omitted).  Plaintiffs' failure to articulate any argument regarding the parties' coverage under the FLSA or NYLL warrants the denial of their motion as to that element of their claim for overtime liability.

### 2.   There are material disputes of fact as to FLSA coverage.

An independent review of the record further demonstrates that there are

material disputes of fact concerning whether the parties are covered by the FLSA.[5]

To qualify for FLSA coverage, a plaintiff must demonstrate that "(1) his employer is

an enterprise engaged in commerce or in the production of goods for commerce; (2)

he is an employee of the defendants, as that word is defined by the statute; and (3)

the relationship does not fall within one of the FLSA's exceptions." *Ayala v. Your*

*Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 14-CV-5269 (ARR) (JO), 2016 WL

5092588, at *15 (E.D.N.Y. Sept. 19, 2016) (internal quotation marks omitted).  To

qualify as an "enterprise engaged in commerce," an employer must have an "annual

gross volume of sales made or business done [of] not less than $500,000."  29 U.S.C.

§ 203(s)(1); *see also Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96–97 (2d Cir.

2009).

None of the statements of facts submitted by the parties contains any

mention of Defendants' gross annual sales, and a review of the record reveals no

evidence of Defendants' gross annual sales, or any relevant stipulation to such a

fact.  *See* Def. R. 56.1, Pl. R. 56.1.[6]  Without evidence that Defendants' annual gross

---

[5] When coverage under the FLSA is neither conceded nor stipulated to by the
parties, the Court "may undertake an independent review of the record," though it
is "not required."  *Severino v. 436 W. L.L.C.*, No. 13-CV-3096 (VSB), 2015 WL
12559893, at *3 (S.D.N.Y. Mar. 19, 2015).

[6] Plaintiffs alleged in their Amended Complaint that Defendants were Plaintiffs'
"employers," Plaintiffs were Defendants' "employees," and Defendants constituted
an "enterprise engaged in commerce," with "an annual gross volume of sales made
or business done in an amount not less than $500,000.00."  Am. Comp., ¶¶ 37–40.

volume of sales was not less than $500,000, the Court cannot find that they were an "enterprise engaged in commerce," and so they would not be governed by the FLSA. *See, e.g., Amparo v. Ink Point Tattoo*, No. 13-CV-7232 (LGS), 2015 WL 224360, at *3 (S.D.N.Y. Jan. 15, 2015) ("Defendants are not covered by [the] FLSA because they do not have annual gross sales or business of $500,000 or more.").

In order to be eligible for FLSA coverage, Plaintiffs would further need to demonstrate that there was an employment relationship between Plaintiffs and Defendants. The Second Circuit has "established four factors to determine the 'economic reality' of an employment relationship: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)). "No one of the four factors standing alone is dispositive," as the test is intended to reflect the "totality of circumstances." *Hernandez v. Jrpac Inc.*, No. 14-CV-4176 (PAE), 2016 WL 3248493, at *21 (S.D.N.Y. June 9, 2016) (internal quotation marks omitted). Whether the facts indicate that Plaintiffs were "employees" and Defendants "employers" is "a 'mixed question of law and fact,' involving 'the application of a legal standard to a

---

However, in Defendants' answer to the Amended Complaint, they stated that those allegations were legal arguments not requiring a response, and otherwise denied the allegations. Answer, ¶¶ 37–40.

particular set of facts.'" *Franco*, 2016 WL 4487788, at *5 (quoting *Zheng v. Liberty Apparel Co. Inc. ("Zheng II")*, 617 F.3d 182, 185 (2d Cir. 2010)).

On summary judgment, Plaintiffs must demonstrate that there is no dispute that there was an employment relationship between the parties, but they have failed to address this element of coverage directly.[7]  Additionally, beyond the conclusory statement that Maino was the "sole owner and manager," Pl. R. 56.1, ¶ 1, the parties' statements of undisputed facts describe some of the conditions of Plaintiffs' work, but include no mention of (1) who had the power to hire and fire them, (2) who supervised and controlled their work schedules or conditions of employment, or (3) who determined the rate and method of payment.

An independent review of the record confirms that there are genuine disputes of fact as to the employment relationship between the parties.  Regarding the first factor, there is no conclusive information in the record as to whether Defendants had the power to hire and fire Plaintiffs, only vague allusions to that ability.  *See* Affidavit of Joseph Maino, dated August 12, 2016 ("Maino Aff."), Dkt. No. 59, ¶ 12 (Maino told Garcia-Devargas that his job would be waiting for him after vacation); Declaration of Joshua Blechner, dated August 12, 2016 ("Blechner Dec."), Ex. 2 ("Garcia-Devargas Dep."), Dkt. No. 58, at 12 (Garcia-Devargas asked owner if he

---

[7] At most, in their statement of facts, Plaintiffs describe themselves as having "worked for defendants from before 2009 until 2014," and Defendants admitted those facts.  Def. R. 56.1, ¶ 3.  That Plaintiffs "worked" for Defendants is not sufficient to establish coverage by the FLSA, because a "worker" is not necessarily an "employee" for FLSA purposes.  *See, e.g.*, *Irizarry*, 722 F.3d at 104 ("The 'economic reality' test applies . . . to whether *workers* are *employees* . . . .") (emphasis added).

could work at another location). As to the second factor, the record contains information about Plaintiffs' schedules, but not who set them or who controlled Plaintiffs' conditions of employment. *See, e.g.*, Blechner Dec., Ex. 3 ("Lopez Dep."), Dkt. No. 58, at 15–17.[8] In fact, Maino testified at his deposition that Garcia-Devargas and Lopez were "in charge" of the store at times. Declaration of John Howley, dated July 8, 2016, Ex. 1 ("Maino Dep."), Dkt. No. 52, at 15; Lopez Dep., at 30; *see also* Pl. R. 56.1, ¶ 4.

Likewise, Plaintiffs' rate of payment, the third factor, is discussed, but who set it is not clear. *See, e.g.*, Def. R. 56.1, ¶¶ 5–12; Maino Aff., ¶ 5 (Maino created commission system); Garcia-Devargas Dep., at 27 ("I asked [Maino] to increase my salary and it was increased."). Indeed, Plaintiffs often reported to Defendants how much they were owed and requested how they would be paid. *See, e.g.*, Maino Aff., ¶ 7 ("I would pay plaintiffs whatever amount they told me they were owed"); Maino Dep., at 16, 61–62. Finally, the fourth factor is similarly inconclusive, because Defendants maintained Plaintiffs' employment records for only their final six months of employment, while Plaintiffs, particularly Lopez, maintained their own contemporaneous records of what they were owed. Def. R. 56.1, ¶¶ 15–18; *see also* Maino Dep., at 21, 30, 35 (Maino kept six months of records, Plaintiffs maintained

---

[8] The parties' testimony on these issues is often imprecise and recounted in the passive voice, so it is unclear to whom the speaker is referring. For example, Garcia-Devargas describes being sent to different stores by "the boss," but then describes Maino's daughter, Marisa, as "the boss." Garcia-Devargas Dep., at 20–21, 28–29; *see also id.* at 68 (describing being "sent home early" but not who sent him home).

own records); Garcia-Devargas Dep., at 23, 25, 38–39, 42–44 (alternating between testifying that Defendants, Plaintiffs, and no one tracked earnings); Lopez Dep., at 39–41 (testifying alternatively that employees, Marisa, or "the boss" would track employees' hours).

On summary judgment, the court's role is "not to resolve disputed questions of fact." *Kaytor,* 609 F.3d at 545. Thus, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of" Defendants, there are material disputes of fact as to the employment relationship of the parties. *Hedlund,* 507 F. App'x at 36; *see also Chen v. E. Mkt. Rest., Inc.*, No. 13-CV-3902 (HBP), 2015 WL 5730014, at *7 (S.D.N.Y. Sept. 30, 2015) ("[T]he facts . . . do not, as a matter of law, conclusively establish the four factors relevant to determining whether a person is an employer and do not, therefore, warrant the granting of summary judgment on this issue."). Therefore, even if the record contained evidence of Defendants' gross annual earnings, there are too many unsettled factual issues to conclude that, as a matter of law, the parties were covered by the FLSA.

### 3.     There are material disputes of fact as to NYLL coverage.

For many of the same reasons, Plaintiffs have not demonstrated that they are covered by NYLL. "Plaintiff's burden in establishing that he is an 'employee' entitled to NYLL protections is similar to the burden he is required to satisfy under the FLSA." *Leung,* 2016 WL 5369489, at *8. NYLL defines an "employer" as "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." N.Y.L.L. §§ 190(3), 651(6). In

this Circuit, district courts "have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Hernandez*, 2016 WL 3248493, at *22 (quoting *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015)); *see also Franco*, 2016 WL 4487788, at *4–5 ("The definitions of 'employer' are functionally identical under FLSA and the NYLL, and courts in this circuit use the same tests to determine 'employer' status under both laws."). *But see Juarez v. Wheels Pizza Inc.*, No. 13-CV-261 (DLC), 2015 WL 3971732, at *2–3 (S.D.N.Y. June 30, 2015) ("Whether 'the tests for 'employer' status are the same under the FLSA and the NYLL . . . has not been answered by the New York Court of Appeals.'") (quoting *Irizarry*, 722 F.3d at 117) (alteration in original). Although NYLL only requires that parties qualify as "employees" and "employers" to be eligible for coverage (making the absence of evidence of Defendants' gross annual earnings immaterial), the material disputes of fact concerning the parties' employment relationship apply to the claims under NYLL as well.

### 4. Overtime Compensation

In their motion, Plaintiffs argued that Defendants did not pay them the overtime wages that they were owed. Pl. Mem., at 5–7. Defendants countered that there were questions of fact regarding Plaintiffs' hourly rates and yearly schedule, and noted that Plaintiffs' commissions "exceeded any potential overtime payments." Def. Mem., at 5–7. In reply, Plaintiffs contended that Defendants failed to properly calculate overtime rates of pay as a matter of law, as commissions do not replace

overtime wages. Pl. Reply, at 2–3. For the reasons that follow, Plaintiffs have established as a matter of law that Defendants failed to pay overtime rates. However, factual disputes regarding the amount of damages cannot be resolved on summary judgment.

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The overtime requirements established by NYLL are consistent with the FLSA. *See* 12 N.Y. Codes R. & Regs. § 142-2.2; *see also Kim v. 511 E. 5th St., LLC*, 133 F. Supp. 3d 654, 659 (S.D.N.Y. 2015); *Williams v. Bier Int'l, LLC*, No. 14-CV-3894 (LTS) (JCF), 2015 WL 4461668, at *1–2 (S.D.N.Y. July 21, 2015).

The FLSA requires employers to "make, keep, and preserve" accurate records of their employees' wages and hours. 29 U.S.C. § 211(c). "[A]t summary judgment, if an employer's records are inaccurate or inadequate, an employee need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (internal alterations and quotation marks omitted). The burden on the employee is "not high," and may be met "through estimates based on his own recollection." *Id.* "The burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's

evidence.'" *Kim*, 133 F. Supp. 3d at 659 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).  On summary judgment, "[i]f [the defendant] failed to compensate [the plaintiffs] properly for even one hour of overtime, liability is established.  Anything else relates only to damages." *Estrella v. P.R. Painting Corp.*, 356 F. App'x 495, 497 (2d Cir. 2009); *see also Severino*, 2015 WL 12559893, at *7 ("[O]n the question of liability, Plaintiff still has the burden to show that there is no genuine dispute of material fact as to whether he actually worked some amount of overtime.").

Plaintiffs have demonstrated that there is no dispute of material fact that they were not paid overtime for the weeks that they worked more than 40 hours.  Defendants have provided forms that tracked Plaintiffs' hours for some weeks between July 2014 and December 2014.  Def. R. 56.1, ¶¶ 13–15.  Defendants did not otherwise document Plaintiffs' hours and wages.  *Id.* ¶ 17.  The forms show total hours worked, commissions earned, and final payments for the week—and indicate that Plaintiffs consistently worked more than 40 hours each week.  *See id.* ¶¶ 19–52, 59–110; Maino Dep., at 36–42, 44–47.  However, Defendants have proffered no evidence that Plaintiffs were paid time and a half for these additional hours.  *See* Pl. Mem., at 3–4.

Defendants do not contest that Plaintiffs worked more than 40 hours some weeks, and do not assert that they were paid wages at the proper overtime rate.[9]

---

[9] Defendants state that, "[f]or each week, it is clear that the commission payment exceeded any potential overtime payments," though they do not attach any legal analysis to the statement, or explicitly claim that it exempts them from overtime

Instead, they argue that there are disputes of material fact because of Plaintiffs' fluctuating schedules and rates of pay, and thus "the hours on the Forms cannot be extrapolated over the course of a full year." Def. Mem., at 6–7. Although these factors establish disputes of material fact as to the *damages* that Plaintiffs are entitled to, they do not undermine Defendants' *liability* for unpaid overtime. *See Estrella*, 356 F. App'x at 497. Plaintiffs have established this element of Defendants' liability by demonstrating that they 1) worked in excess of 40 hours in a given week, and 2) were not paid time and a half for excess hours. *See Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835 (AT), 2015 WL 4940107, at *4–5 (S.D.N.Y. Aug. 11, 2015) (granting summary judgment where "Defendants provide no evidence negating either the reasonableness of Plaintiff's claims regarding the number of hours worked or the presumption that Plaintiff's salary did not include a premium for overtime hours"). Accordingly, I recommend that the Court grant partial summary judgment to Plaintiffs regarding Defendants' failure to compensate Plaintiffs for overtime hours worked.

A trial is needed, however, to determine the total amount of damages that Defendants would be liable for, contingent on Plaintiffs demonstrating FLSA and

---

pay requirements. Def. Mem., at 5. Indeed, commissions cannot serve as substitutes for overtime pay, but "are payments for hours worked and must be included in the regular rate." 29 C.F.R. § 778.117; *see also* 29 C.F.R. § 778.118 (illustrating how to calculate rate of pay when employees are paid commissions); *Lalli v. Gen. Nutrition Centers, Inc.*, 814 F.3d 1, 2–3 (1st Cir. 2016). In addition, Defendants have made no claim that Plaintiffs were subject to any applicable exception. *See, e.g., Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982 (RJS), 2016 WL 5800473, at *4 (S.D.N.Y. Oct. 2, 2016) ("employer bears the burden of showing that an employee is exempt from the overtime provision").

NYLL coverage. Plaintiffs argue that Maino conceded at his deposition that damages for all six years can be extrapolated from the approximately six months of timesheets that Defendants have produced, Pl. Mem., at 7, but that misrepresents his testimony. When asked whether the hours noted in the forms are consistent with Plaintiffs' hours "in earlier periods," Maino stated, "[i]n a sense, yes, but you have to understand that there is a seasonality to our business. So in January and February and March to do 25 or 30 hours a week would be a lot." Maino Dep., at 64–65. In their own depositions, Plaintiffs admitted that there were months in which business was slow and they were not paid a commission, and that they both took significant time off from work. *See* Garcia-Devargas Dep., at 21, 28 (testifying that he only worked for nine to ten months a year, and that no commission was paid from the end of December to the beginning of April); Lopez Dep., at 27–29 (testifying that no commissions were paid from January to April, and that from 2013 to 2014, there were days when he would leave early due to illness). Additionally, Plaintiffs' hourly wages increased over time, and there are disagreements about the timing of those increases and whether there were changes in commission rates as well. Def. R. 56.1, ¶¶ 5–6; Pl. R. 56.1, ¶¶ 8–9, 11. Drawing all inferences in favor of Defendants, *Hedlund*, 507 F. App'x at 36, the Court concludes that there are questions of fact that must be resolved before damages can be calculated.

In their reply, Plaintiffs contend that these questions of fact regarding their hours do not preclude summary judgment as to damages, but "require only an

adjustment of plaintiffs' damages calculations." Pl. Reply, at 5. Plaintiffs cite

*Vasquez v. Ranieri Cheese Corp.* for the proposition that "the average time worked

during the time period for which . . . records are available is a reasonable estimate

for the number of hours worked by plaintiffs during the times for which records are

absent." No. 07-CV-464 (ENV) (VVP), 2010 WL 1223606, at *8 (E.D.N.Y. Mar. 26,

2010). However, the *Ranieri Cheese* decision was issued after a seven-day bench

trial. *Id.* at 1. It thus illustrates the proposition that it is not unusual for a court to

find that defendants were liable for overtime violations, but to defer a decision on

damages until trial. *See, e.g., Lassen v. Hoyt Livery, Inc.*, 120 F. Supp. 3d 165, 177–

78 (D. Conn. 2015) (collecting cases where damages are calculated after further

proceedings); *Monterossa*, 2012 WL 3890212, at *5 (finding defendants liable for

failure to pay minimum wage and overtime, but leaving question of damages for

trial where dates of plaintiffs' employment was disputed). "Ultimately, the dispute

as to the precise amount of [plaintiffs'] uncompensated work is one of fact for trial."

*Kuebel*, 643 F.3d at 364; *see also Williams*, 2015 WL 4461668, at *2.

## C.    Liquidated Damages

Finally, Plaintiffs have not carried their burden to show that there is no

dispute of material fact as to Defendants' liability for liquidated damages.

Typically, the FLSA "presumptively awards [liquidated damages in] 'an additional

equal amount,'" to damages awarded. *Gayle v. Harry's Nurses Registry, Inc.*, 594 F.

App'x 714, 718 (2d Cir. 2014) (quoting 29 U.S.C. § 216(b)), *cert. denied*, 135 S. Ct.

2059 (2015). A district court has the "discretion to deny liquidated damages where

the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield*, 537 F.3d at 150.  To demonstrate "good faith," an employer is required to "show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).  The burden on the employer is "a difficult one," such that "double damages are the norm and single damages the exception." *Id.* (internal alterations and quotation marks omitted).

"Prior to November 24, 2009, an employee would be entitled to an additional twenty-five percent liquidated damages under the NYLL only if the employee could prove that the employer's failure to pay the wage required by article 6 of the NYLL was willful." *Inclan*, 95 F. Supp. 3d at 504 (internal alterations and quotation marks omitted).  "To establish willfulness under the NYLL, a plaintiff must show that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Monterossa*, 2012 WL 3890212, at *6 (internal quotation marks omitted).  Effective November 24, 2009, NYLL was revised "to more closely resemble the FLSA's provision," so that "an employee would be presumptively entitled to liquidated damages unless the employer proves a *good faith basis* to believe that its underpayment of wages was in compliance with the law." *Inclan*, 95 F. Supp. 3d at 505 (emphasis added).  Though "[t]he statutory text of the liquidated damages provisions of the present NYLL is not identical to that of the FLSA . . . courts have not substantively distinguished the federal standard from

the current state standard of good faith." *Id.* Finally, effective April 9, 2011, an employee would be entitled to 100% liquidated damages under NYLL (as opposed to 25%) though that entitlement is "only to be applied prospectively." *Garcia*, 2015 WL 4940107, at *5.[10]

To prevail on summary judgment, Plaintiffs must demonstrate that there are no questions of fact as to their claim for liquidated damages. *See Krupinski v. Laborers E. Region Org. Fund*, No. 15-CV-982 (RJS), 2016 WL 5800473, at *3 (S.D.N.Y. Oct. 2, 2016) ("A moving party is entitled to judgment as a matter of law on an issue if . . . the nonmoving party bears the burden of proof on the issue and the moving party shows—that is, points out—that there is an absence of evidence in the record to support the nonmoving party's position.") (quoting *Celotex*, 477 U.S. at 325). Here, Plaintiffs seem to rely on the bare assertion that, "[u]nder both the FLSA and the New York Labor Law, plaintiffs are entitled to liquidated damages equal to 100% of their actual damages." Pl. Mem., at 7. Plaintiffs offered no analysis of Defendants' actions under the good faith or willfulness standards, and no demonstration that the record lacks evidence to meet either standard. Defendants countered that they acted in good faith because they "believed that the

---

[10] Contrary to Plaintiffs' assertion in their reply, for damages accrued after April 9, 2011, they cannot recover liquidated damages under both the FLSA and NYLL. Pl. Reply, at 8. Since they filed their motion, the Second Circuit has "interpret[ed] the New York statute's provision for liquidated damages as satisfied by a similar award of liquidated damages under the federal statute"—at least with regard to damages after the 2010 amendment that increased the amount of liquidated damages to one-hundred percent. *Chowdhury v. Hamza Express Food Corp.*, No. 15-3142-CV, 2016 WL 7131854, at *2 (2d Cir. Dec. 7, 2016).

commission payments compensated Plaintiffs above and beyond the entitled overtime compensation," and they "believed this was sufficient under the regulations." Def. Mem., at 8–9.[11]  In their reply, Plaintiffs argued for the first time that "the willful nature of defendants' failure to pay overtime is evident from their consistent non-compliance with all the applicable labor, employment, and tax laws." Pl. Reply, at 8.

While Plaintiffs may well ultimately be correct, and Defendants may not meet their burden at trial, Plaintiffs may not raise new arguments in their reply papers, which provides Defendants no opportunity to respond.  *See, e.g.*, *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 97 n.12, 100 n.16 (2d Cir. 2007); *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief.").  Plaintiffs' assertion that they are "entitled to liquidated damages" is not equivalent to an argument that there are no material disputes of fact regarding Defendants' liability

---

[11] Defendants provide no basis for their belief that paying Plaintiffs a commission in place of overtime was legally sufficient. *See* Def. Mem., at 8–9.  Such a belief has not been found to be a legally sufficient defense where there is no proof of an "active step[ ] to ascertain the dictates of the FLSA." *Barfield*, 537 F.3d at 150 (quotation marks omitted).  *Compare Franco*, 2016 WL 4487788, at *15–17 (material question of fact existed regarding liquidated damages where defendants "sought and relied on advice from their payroll company regarding applicable federal and state employment regulations" and provided notice to employees about minimum wage and tip credit), *with Garcia*, 2015 WL 4940107, at *5–6 (finding defendants liable for liquidated damages where they presented "no evidence that [defendant] relied on the advice of others or that he took other actions to ascertain the requirements of the FLSA and the NYLL").

for liquidated damages.  Therefore, I recommend that Plaintiffs' motion for summary judgment as to liquidated damages be denied.

## III.   CONCLUSION

For all the foregoing reasons, I recommend that Plaintiffs' motion for summary judgment be granted in part and denied in part.  Specifically, the Court should grant Plaintiffs' motion to the extent that they have established as a matter of law that Defendants failed to pay them overtime.  The Court should otherwise deny the motion because there are genuine disputes of fact as to the parties' coverage under the FLSA and NYLL, and as to the amount of overtime damages. Thus, if the Court adopts these recommendations, Plaintiffs would still be entitled to demonstrate at trial that the parties are covered by the FLSA and NYLL, and that Defendants are therefore liable for failure to pay overtime wages (as well as for damages).  Finally, I recommend that Plaintiffs' motion be denied as to Defendants' liability for liquidated damages because there are genuine disputes of fact as to that claim as well.

### PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6.  A party may respond to any objections within fourteen (14) days after being served.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the

Honorable George B. Daniels and the undersigned, United States Courthouse, 500

Pearl Street, New York, New York 10007.  Any requests for an extension of time for

filing objections must be directed to Judge Daniels.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE**

**APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,*

*Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).


Dated:  January 13, 2017
       New York, New York

JAMES L. COTT
United States Magistrate Judge