UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADOLFO GARCIA-DEVARGAS and
ILDEFONSO LOPEZ,                                        :

                       Plaintiffs,           :

           -vs-                                       :

JOSEPH MAINO, individually and d/b/a Handbags  :
100 King Street, and 119 FASHION
WHOLESALERS LTD.,                                      :

                   Defendants.           :
-------------------------------------------------------------X

15 Civ. 2285 (GBD)

**MEMORANDUM OF
LAW IN SUPPORT OF
JOINT MOTION FOR
APPROVAL OF SETTLEMENT**

Plaintiffs Adolfo Garcia-Devargas and Ildefonso Lopez submit this memorandum of law in support of the joint motion by all parties for an Order approving a settlement of all claims, including claims for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*

### Statement of Facts

Plaintiffs Adolfo Garcia-Devargas and Ildefonso Lopez commenced this action on March 26, 2015, alleging claims for unpaid wages under Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York State Labor Law, N.Y. Lab. L. §§ 650, *et seq.*

Plaintiffs worked in the defendants' retail store in Manhattan. They were paid hourly wages plus commissions on sales of handbags and accessories. Plaintiffs alleged that they often worked more than 40 hours per week, and that they were not paid overtime. Defendants denied liability, arguing that the combination of hourly wages and commissions equaled what the plaintiffs would have been paid if they had been paid hourly wages plus one and one-half times their hourly wages for overtime.

Both sides were represented by experienced employment attorneys who pursued all necessary discovery, including the production of time and compensation records and depositions of all parties. At the conclusion of discovery, plaintiffs moved for summary judgment.

On January 13, 2017, U.S. Magistrate Judge James L. Cott entered a Report and Recommendation concluding that the defendants could not use commissions as a substitute for overtime compensation, that plaintiffs' regular rate of pay is calculated by dividing the sum of hourly wages *plus commissions* by the number of hours worked, and that plaintiffs' overtime rate is one and one-half times that regular rate of pay. While Magistrate Judge Cott found that plaintiffs were owed overtime compensation under this formula, he concluded that a trial was necessary to determine whether the defendants were plaintiffs' employers within the meaning of the FLSA and, if so, the amount of overtime compensation owed to each plaintiff.

U.S. District Judge George B. Daniels adopted the Report and Recommendation on March 29, 2017. At the parties' request, Judge Daniels referred the matter to the District's Mediation Program.

The parties and their attorneys engaged in extensive settlement negotiations facilitated by an experienced labor and employment mediator on June 2 and June 9, 2017. The mediation resulted in a written settlement agreement signed by the parties and their attorneys. The attorneys executed an addendum to the settlement agreement resolving open issues on June 23, 2017. Copies of the settlement agreement and addendum are annexed to the accompanying Howley Declaration as Exhibit 1.

The settlement agreement provides that defendants will pay to plaintiffs the total amount of $60,010.00 in full settlement of all claims, inclusive of attorneys' fees and costs. The payment will be made as follows: (a) $22,000.00 within five business days of the Court's

approval of the settlement; and (b) $1,810.00 per month for 21 months commencing one month after the Court's approval of the settlement. An attorney's fee of $19,376.59 and costs of $1,822.04 will be paid to plaintiffs' attorney from the settlement payments. Plaintiffs will execute a general release in favor of defendants.

The monthly payments will be secured by a Consent Judgment against the defendants in the amount of $135,000.00. If the defendants fail to make an installment payment when due, plaintiffs may give notice of default. If the defendants fail to cure the default within five business days after receiving notice of default, then plaintiffs may enforce the Consent Judgment without further notice.

Upon approval of the settlement by the Court, the action will be dismissed with prejudice and the parties will exchange mutual general releases.

## Argument

## THE SETTLEMENT TERMS ARE FAIR AND REASONABLE

### A. The Settlement Payment and Mutual General Releases Are Fair and Reasonable

"In determining whether to approve a proposed FLSA settlement, relevant factors include '(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 LAK, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014).

The proposed settlement in this case is the product of arm's-length negotiations between experienced employment attorneys with the assistance of an experienced mediator. It represents

a reasonable compromise of uncertain claims and defenses. For these reasons, we respectfully submit that it should be approved. *See, e.g., Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved.").

There is a bona fide dispute in this case over the amount of overtime compensation owed to plaintiffs. Reliable time and compensation records are available only for a six-month period in 2014. There is conflicting testimony about the hourly and commission rates that were paid in prior years, as well as the hours worked during the other six months of each year.

The issue of liquidated damages is also subject to a bona fide dispute. Defendants argue that the underpayments resulted from a mistake and were not intentional. They also argue that the overtime rules for commission salespeople are complicated and unclear. While plaintiffs argue that the totality of the circumstances suggests that defendants knew or should have known of their overtime obligations, there is a legitimate dispute over the issue of intent.

Given these disputes, a trial could result in plaintiffs recovering some overtime for six months of each year, plus some liquidated damages for some period of time. On the other hand, a trial could result in plaintiffs recovering a lower amount of overtime with no liquidated damages. The risks for both parties are serious. The agreed upon settlement allows the parties to avoid these risks, as well as the burdens and expenses of continued litigation.

The settlement agreement also considers the risk of enforcing a judgment after trial. The corporate defendant is no longer in business and has no assets. The individual defendant is willing to make the down payment and installment payments in the settlement agreement, but he also has no assets against which a judgment could be enforced. Even if plaintiffs prevail on their claims, any judgment could be unenforceable.

4

Under these circumstances, the parties have agreed to a settlement based on the amount plaintiffs might recover for overtime with no liquidated damages. The settlement payment will be secured by a Consent Judgment based on the amount plaintiffs might recover for overtime at slightly higher rates plus an equal amount in liquidated damages. The settlement payment gives the plaintiffs an amount they likely would recover after trial. The Consent Judgment serves as an incentive for the individual defendant to comply with the installment payments, while giving plaintiffs a judgment for the full amount they could possibly win at trial in the event of a default.

Lastly, the parties submit that general releases are appropriate in this action because there is no ongoing employment relationship between the parties. *See, e.g., Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 6798807, at *5 (S.D.N.Y. Nov. 6, 2015) ("A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure.").

## B. Plaintiff's Attorney's Fees and Costs Are Fair and Reasonable

Plaintiffs' attorney submits that his attorney's fees and costs are reasonable based on his fee agreement with the plaintiffs, his experience in labor and employment cases, and the amount of time and effort he actually expended on this case.

The plaintiffs' engagement letters provide for a contingency fee equal to 33.3% of the net recovery (total recovery less monies expended in the prosecution of the lawsuit, but not including liens or subrogation interests) by means of settlement or judgment. As of the date of the settlement agreement, plaintiffs' attorney had advanced costs of $1,822.04. Subtracting the costs from the gross settlement amount of $60,010.00 and applying the contingency fee results in an attorney's fee of $19,376.59.

Plaintiffs' attorney is a 1989 *magna cum laude* graduate of New York Law School where he was Articles Editor of the Law Review and worked as an intern to both U.S. District Judge Kevin Thomas Duffy and then-former U.S. Magistrate Judge (later U.S. District Judge) Shira A. Scheindlin. Upon graduation, he clerked for U.S. Circuit Judge Roger J. Miner. For 20 years, he litigated labor and employment cases at Kaye Scholer LLP, including for more than 10 years as a partner in that firm. He formed his own labor and employment law firm in 2012.

In this case, plaintiffs' attorney conducted a pre-lawsuit investigation, including interviewing the plaintiffs, reviewing their documents, conducting research into the defendants, and interviewing several former employees. He held periodic meetings with the plaintiffs to gather evidence and update them on the status of the case. He prepared the complaint, multiple document requests, interrogatories, deposition notices, and objections and responses to defendants' discovery requests. He reviewed and analyzed time and compensation records, daily schedules, and other documents produced by plaintiffs and defendants, drafted correspondence noting deficiencies in defendants' discovery responses, and negotiated resolutions of discovery disputes with defendants' attorneys. He took the deposition of defendants, prepared the plaintiffs for their depositions, and defended the plaintiffs' depositions. He researched and drafted a summary judgment motion, including a Rule 56.1 statement, opening brief, and reply brief. He participated twice in the District's Mediation program, once before the summary judgment motion was filed and a second time after the motion was decided. Each time, he prepared pre-mediation statements and met with the plaintiffs to prepare them for the mediations. He drafted and negotiated a pretrial order and prepared for a trial in the event the second mediation was not successful. He successfully negotiated the settlement agreement over the course of two days in the second mediation.

In addition to his work to date, plaintiff's attorney will be responsible for distributing defendants' payments to each plaintiff on a monthly basis for 21 months after the settlement is approved, for which he will receive no additional compensation.  Under these circumstances, plaintiffs' attorney submits that his attorney's fee is fair and reasonable.

### Conclusion

For all the foregoing reasons, the parties respectfully request an Order approving the settlement of all claims, including claims for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*

Dated: New York, New York
          June 26, 2017

Respectfully submitted,

THE HOWLEY LAW FIRM P.C.

By:
          John Howley
*Attorneys for Plaintiffs*
350 Fifth Avenue, 59th Floor
New York, New York 10118
(212) 601-2728